UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY STAPERT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00119-SEB-KMB |
| | ) |
| STATE, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss**

Petitioner Ashley Stapert brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging her conviction and sentence in Indiana criminal case 18C02-1112-FA-11. Respondent has filed a motion to dismiss the petition because Ms. Stapert's claims are procedurally defaulted. Ms. Stapert has not responded, and the time to do so has passed. For the reasons below, the motion to dismiss is **GRANTED,** this action is **DISMISSED with prejudice**, and a certificate of appealability shall not issue.

### I. Facts

On November 7, 2014, Ms. Stapert was convicted of two counts of felony child molestation and sentenced to two consecutive fifty-year sentences. Dkt. 7-1 at 8-9. Ms. Stapert initiated a direct appeal, arguing: 1) that the trial court erred when it admitted the victim's medical records and allowed a lay witness to testify regarding medical treatment, and 2) that her convictions of child molesting violated Indiana's prohibition against double jeopardy. Dkt. 7-3 at 14-16. The Court of Appeals affirmed her convictions, and Ms. Stapert did not petition to transfer to the Indiana Supreme Court. Dkt. 7-2.

On August 31, 2015, Ms. Stapert filed a petition for post-conviction relief. Dkt. 7-1 at 10. After she amended her petition with the assistance of counsel in 2018, Ms. Stapert argued three central claims:

1) that she was denied her constitutional due process rights when she was made to stand trial while incompetent;

2) that her trial counsel rendered ineffective assistance by

    a) failing to request a competency evaluation,

    b) failing to suppress her statements to police,

    c) failing to oppose the State's motion to withdraw her plea agreement, and

    d) failing to investigate and present evidence of her mental illness and intellectual disability as mitigating evidence, and

3) her appellate counsel rendered ineffective assistance because they failed to argue that her 100-year sentence was inappropriate under Indiana Appellate Rule 7(B). Dkt. 7-7.

In January of 2023, Ms. Stapert entered into a plea agreement with the State to resolve her post-conviction petition and amend her sentence to serve 45 years concurrently for her convictions. Dkt 7-8 at 5, 7. Because her post-conviction petition was resolved through an agreed resolution, she did not directly appeal the post-conviction court's judgment or file a petition to transfer to the Indiana Supreme Court. Dkt. 7-6 at 17-18.

On January 3, 2024, Ms. Stapert filed a petition for writ of habeas corpus listing four grounds: 1) mental illness, 2) ineffective counseling, 3) false confession, and 4) the court failed to give her an STD test. Dkt. 1 at 5-10. As to the first ground, Ms. Stapert states she has an intellectual disability, bipolar disorder, and schizophrenia. *Id.* at 6. As to the second, she states that she "was not guilty, he wouldn't fight for [her]." *Id.* at 7. As to the third, she states, "I feel being pressured

by the police and then not passing a lie detector test and I still lied and said I did when I really didn't molest the baby." *Id.* at 9 (errors in original). As to the final ground, she states, "I would of gave a STD test because the baby has warts. I have nothing." *Id.* at 10 (errors in original).

## II.     Applicable Law

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Section 2254(a) is not the only obstacle to habeas relief. A petitioner may procedurally default her claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* [she] can establish that the denial of relief will result in a miscarriage of justice." *Id.* at 1026 (internal citations omitted).

### III.   Discussion

Respondent moves to dismiss the § 2254 petition on the ground that Ms. Stapert's claims are procedurally defaulted.

None of Ms. Stapert's claims in her habeas petition were presented on direct appeal, and, regardless, Ms. Stapert did not file a petition to transfer to the Indiana Supreme Court.

Ms. Stapert was represented by counsel when she filed her state petition for post-conviction relief, arguing that her trial and appellate counsel were ineffective and that she was incompetent to stand trial. Dkt. 7-7. Because she entered into a plea agreement with the State, she did not appeal or file a petition for transfer to the Indiana Supreme Court after the trial court amended her sentence. Dkt. 7-6 at 17-18. Ms. Stapert has therefore failed to present any of the claims raised in her habeas petition through one complete round of Indiana's ordinary appellate review process. Her claims are now defaulted because she can no longer bring them in state court. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court.").

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* [she] can establish that the denial of relief will result in a miscarriage of justice." *Lewis*, 390 F.3d at 1026 (internal citations omitted). "Cause requires a showing of some type of external impediment that prevented her from presenting her claims." *Garcia v. Cromwell*, 28 F.4th 764, 775 (7th Cir. 2022) (cleaned up). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).

Ms. Stapert has not shown any cause for her inability to exhaust her claims by petitioning to transfer to the Indiana Supreme Court. Although she references the term 'mental illness' within her habeas petition, the Seventh Circuit has concluded that mental illness and mild mental impairments are not *external* factors that can constitute cause to excuse procedural default. *Morgan v. Chandler*, 367 F. App'x 700, 703 (7th Cir. 2010) (holding that mental illness is not an external factor when assessing cause and prejudice to overcome procedural default); *Harris v. McAdory*, 334 F.3d 665, 668−69 (7th Cir. 2003) (holding that low IQ score and limited reading ability are not external factors).

Accordingly, Ms. Stapert's claims are procedurally defaulted, and Respondent's motion to dismiss, dkt. [7], is **GRANTED** on that basis. The petition for a writ of habeas corpus is **DISMISSED with prejudice**.

## IV.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and*

about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree with this Court's conclusion that Ms. Stapert's claims are procedurally defaulted. The Court therefore **denies** a certificate of appealability.

## V.     Conclusion

Respondent's motion to dismiss, dkt. [7], is **GRANTED**.

This action is **DISMISSED with prejudice**. No certificate of appealability shall issue. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 1/21/2025

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ASHLEY STAPERT
206826
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Courtney Leanne Staton
Office of Indiana Attorney General
courtney.staton@atg.in.gov